David J. McGlothlin, Esq. (SBN: 253265)
david@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
331 J Street, Suite 200
Sacramento, CA 95814
Telephone: (916) 444-7661
Facsimile: (619) 297-1022

Abbas Kazerounian (SBN: 249203)
ak@kazlg.com
**Kazerouni Law Group, APC**
331 J Street, Suite 200
Sacramento, CA 95814
Telephone: 1-800-400-6808
Facsimile: 1-800-520-5523

Attorneys for Plaintiff
Katrina Thomas

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| Katrina Thomas | Case No: _____ |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | **Jury Trial Demanded** |
| Grant & Weber | |
| Defendant. | |

HYDE & SWIGART
San Diego, California

**HYDE & SWIGART**
San Diego, California

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Katrina Thomas, through Plaintiff's attorneys, brings this action to challenge the actions of Grant & Weber, with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendant' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Because Defendant do business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

12. At all times relevant, Defendant conducted business within the State of California.

## PARTIES

13. Plaintiff is a natural person who resides in the City of Oakdale, State of California.

14. Grant & Weber, ("Baker Sanders") is located in the City of Calabasas, in the State of California.

15. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendant is a person who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of

HYDE & SWIGART
San Diego, California

1   debts, or who regularly collect or attempt to collect, directly or indirectly,
2   debts owed or due or asserted to be owed or due another and are therefore
3   debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

17.   Plaintiff is a natural person from whom a debt collector sought to collect a
consumer debt which was due and owing or alleged to be due and owing from
Plaintiff, and is a "debtor" as that term is defined by California Civil Code §
1788.2(h).

18.   Defendant, in the ordinary course of business, regularly, on behalf of
themselves, or others, engage in debt collection as that term is defined by
California Civil Code § 1788.2(b), is therefore a debt collector as that term is
defined by California Civil Code § 1788.2(c).

19.   This case involves money, property or their equivalent, due or owing or
alleged to be due or owing from a natural person by reason of a consumer
credit transaction.   As such, this action arises out of a consumer debt and
"consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

20.   Sometime before January 2013, Plaintiff is alleged to have incurred certain
consumer financial obligations to Oak Valley Hospital for a personal credit
card.

21.   These financial obligations were primarily for personal, family or household
purposes and are therefore a "debt" as that term is defined by 15 U.S.C.
§1692a(5).

22.   These alleged obligations were money, property, or their equivalent, which is
due or owing, or alleged to be due or owing, from a natural person to another
person and are therefore a "debt" as that term is defined by California Civil
Code §1788.2(d), and a "consumer debt" as that term is defined by California
Civil Code §1788.2(f).

HYDE & SWIGART
San Diego, California

HYDE & SWIGART
San Diego, California

23.   Sometime thereafter, but before January 2013, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

24.   Subsequently, but before January 3, 2013, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

25.   On or about January 3, 2013, Defendant sent Plaintiff the dunning letter, attached as Exhibit "A".

26.   This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

27.   This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

28.   In this January 4, 2013 communication Defendant demanded a payment of $11,596.41 which consisted of a principle balance of $11,153.33 plus interest in the amount of $443.08.

29.   Plaintiff disputes the amount of this alleged debt. As Plaintiff has been informed by the original creditor Oak Valley Hospital prior and after Defendant's January 4, 2013 letter that Plaintiff only owes $667.60.

30.   This action by Defendants was an attempt to collect an amount not owed, not authorized by the agreement, nor permitted by law and it therefore violated 15 U.S.C. § 1692f(1).

31.   Because Defendants actions violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

32.   Defendant's demand that Plaintiff pay this substantially greater amount was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.  As such, this action by Defendant violated 15

U.S.C. §§ 1692e and 1692e(10), and because this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

33. By Defendant attempting to collect this incorrect amount, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Defendant violated 15 U.S.C. § 1692e(5).

34. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendant violated 15 U.S.C. § 1692f.

35. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

36. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

**CAUSES OF ACTION**

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

37. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

38. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

39. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

1   reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from
2   each and every defendant, jointly and severally.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

40.   Plaintiff repeats, re-alleges, and incorporates by reference, all other
      paragraphs.

41.   The foregoing acts and omissions constitute numerous and multiple violations
      of the Rosenthal Act, including but not limited to each and every one of the
      above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

42.   As a result of each and every violation of the Rosenthal Act, Plaintiff is
      entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a);
      statutory damages for a knowing or willful violation in the amount up to
      $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's
      fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every
      defendant, jointly and severally.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and
Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from each Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) from each Defendant;

HYDE & SWIGART
San Diego, California

• An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

43. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: January 23, 2013                 By:/s/ David McGlothlin
                                       David McGlothlin
                                       Attorneys for Plaintiff

HYDE & SWIGART
San Diego, California